60 WEST FIFTY-THIRD STREET CORPORATION, Respondent, *v.* ABRAHAM HASKEL and Another, Appellants, Impleaded with JACOB BORIS, Defendant.

First Department, December 5, 1930.

*William Solomon* of counsel [*Daniel Levy* with him on the brief; *Jasie & Solomon*, attorneys], for the appellants.

*Milton Gladstone* [*Charles E. McMahon* with him on the brief], for the respondent.

McAVOY, J.    Plaintiff deposited $10,000 with defendants as security under a lease entered into by plaintiff, as tenant, with the defendants, as landlords.    It was provided, among other things, in the instrument that the tenant should deposit with the landlords for the full and faithful performance of the conditions thereof such

sum of $10,000 as security, and that sum was to bear interest at the rate of four per cent from the date of deposit.

The lease also provided that the tenant would at its own cost and expense within one year and three months from the commencement of the sixty-three-year term erect and complete upon the premises a fireproof building of steel frame construction, not less than fifteen stories in height, free of liens and in compliance with certain plans and specifications. The term was to commence January 1, 1929.

On April 19, 1929, after plaintiff had assumed possession of the premises under the lease, it received from the city of New York a copy of a map showing the premises covered by the lease to be among those condemned by the city for public purposes. On June 24, 1929, the premises were condemned for public purposes and title thereto vested in the city of New York.

Plaintiff contends that it has fully complied with and performed all of the covenants of the lease on its part to be performed, except the construction of the said building which was prevented by the condemnation proceeding, and that plaintiff has demanded the return of the security deposited as aforesaid, but the defendants have refused and neglected to return the same.

The answer admits the making of the lease, the deposit of $10,000 as security and the taking of the property by the city of New York. Six partial and affirmative defenses and setoffs are alleged in the answer, each in the nature of a claim for rent alleged to be due to the defendants as landlords on May 1, 1929, under the provisions of the lease.

In May, 1929, after the receipt of the condemnation notice from the city, a summary proceeding to dispossess the plaintiff herein as tenant was instituted by the defendants herein as landlords, in the Municipal Court, for alleged non-payment of rent alleged to have become due on May 1, 1929, under the provisions of the lease. The items of rent in that proceeding are identical with a number of the items which constitute the alleged setoffs in the several defenses contained in the answer herein. The dispossess proceedings in the Municipal Court (138 Misc. ——) resulted in a final order in favor of the landlords (the defendants herein). An appeal was taken to the Appellate Term by the tenant; and an application for a stay of the execution of the final order was made and granted, upon the condition that a surety company bond be given by plaintiff herein (tenant in that proceeding) to cover all rent then claimed to be due, or which might thereafter become due under the terms of the lease, which bond in the amount of $15,000 was thereafter duly furnished by plaintiff herein. The Appellate Term affirmed the order of the

Municipal Court, with leave to the tenant therein, plaintiff herein, to appeal to this court. The appeal to this court has resulted in an affirmance of the final order dispossessing the tenant.

The motion herein for summary judgment was granted, but a reading of the opinion demonstrates that it was granted without any consideration whatsoever of the partial affirmative defenses set up in the answer and in the answering affidavit, but solely because the plaintiff in this case had deposited a surety company bond of $15,000 in order to obtain a stay pending the appeal to the Appellate Term and to this court of the final order in summary proceedings.

We think that it was error to grant summary judgment because a surety bond was filed. The bond was filed because of conditions imposed upon the plaintiff in this case by the Appellate Term, and not as a result of any contract or other agreement between the plaintiff and the defendants. The bond was not filed as a substitute for the cash security.

The cash security was not deposited by the tenant to secure rent in the event that the tenant should be unsuccessful upon an appeal to this court from a final order awarded against it in summary proceedings, but was deposited to secure the faithful performance by the tenant of all the terms, covenants and conditions of the lease on its part to be performed.

The function of the remedy of summary judgment is to grant forthwith judgment in those cases where no triable issue is raised, and it cannot be extended to cover cases in which, though a triable issue is raised, the parties are " protected " by the filing of a surety company bond.

The judgment and order should be reversed, with costs, and the motion denied, with ten dollars costs.

DOWLING, P. J., MERRELL, FINCH and SHERMAN, JJ., concur.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs.